## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ICON HEALTH & FITNESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-652-LPS-CJB |
| | ) | |
| TONAL SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

1.       The Court, having reviewed Defendant Tonal Systems, Inc.'s ("Defendant" or "Tonal") motion to dismiss Plaintiff ICON Health & Fitness, Inc.'s ("Plaintiff" or "ICON") claims for induced and willful infringement, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"), (D.I. 10), the briefing related thereto, (D.I. 11; D.I. 14; D.I. 15; D.I. 17), and having considered the relevant legal standard, *see, e.g.*, *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, Civil Action No. 20-1197-LPS, 2021 WL 1785072, at *2 (D. Del. May 5, 2021), recommends that the Motion be GRANTED-IN-PART and DENIED-IN-PART for the reasons that follow.

2.       ICON asserts two patents in this case, United States Patent Nos. 10,953,268 and 10,967,214 (the "'268 and '214 patents"); these patents issued on March 23, 2021 and April 6, 2021, respectively.  (D.I. 7 at ¶¶ 21, 34)  ICON's original Complaint, filed on May 5, 2021, asserted only direct infringement claims.  (D.I. 1)  ICON then filed the operative First Amended Complaint ("FAC") on May 24, 2021, adding allegations of induced and willful infringement of the '268 and '214 patents.  (D.I. 7 at ¶¶ 24, 30, 37, 43)[1]  With respect to these claims, the FAC

---

[1]       Tonal does not challenge the direct infringement claims with the instant Motion.

alleges that Tonal had notice of the '268 and '214 patents "since at least the date the present action was filed" and that it has continued to knowingly engage in infringing conduct thereafter. (*Id.* at ¶¶ 27-28, 40-41)

3.      With its Motion, Tonal argues that ICON's FAC fails to sufficiently allege that Tonal had prior knowledge of the '268 and '214 patents, such that the claims-at-issue must be dismissed.  (D.I. 11 at 2-6)[2]

4.      ICON responds by asserting that the FAC plausibly alleges the knowledge-of-the-patents element.  It argues this is so because the FAC's allegations, viewed in context along with the facts regarding a related patent infringement case involving these parties, *Tonal Sys., Inc. v. iFit Inc.*, Civil Action No. 20-1197-LPS-CJB (D. Del.) (the "20-1197 case"), render it plausible that Tonal knew of the '268 and '214 patents as of "the very day that each [patent] issued" or "within days of their issuance[.]"  (D.I. 14 at 2, 7)  The contextual facts and reasonable inferences that ICON points to in support of this conclusion include the following:

- The '268 and '214 patents asserted here are related by continuation to the patents at issue in the 20-1197 case, United States Patent Nos. 10,709,925 and 10,758,767 (the "'925 and '767 patents"); the 20-1197 case is a declaratory judgment action brought by Tonal.;

- In the 20-1197 case, Tonal alleges non-infringement of the '925 patent because the accused product lacks the required "tower" and "magnetic mechanism" elements required by that patent, and it alleges non-infringement of the '767

---

[2]      A party asserting a claim of induced infringement must plead facts plausibly demonstrating that there has been direct infringement, and that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent. *Tonal Sys., Inc.*, 2021 WL 1785072, at *3 (internal quotation marks and citations omitted).  And in order to sufficiently plead willful infringement, a patentee must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer:  (1) knew of the patents-in-suit; (2) after acquiring that knowledge, it infringed the patents; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patents. *Id.* at *6 (internal quotation marks and citations omitted).

> patent because the accused product lacks the required "tower" and "electromagnetic unit" elements.;
>
> • With respect to the patents asserted in the instant action, the claims of the '268 patent omit the "tower" and "magnetic mechanism" elements, while the claims of the '214 patent omit the "tower" and "electromagnetic unit" elements (but the patents-in-suit here are otherwise similar to the patents asserted in the 20-1197 case).;
>
> • Tonal's declaratory judgment complaint in the 20-1197 case demonstrates its awareness of ICON's involvement in over 50 lawsuits involving related or similar patents to the '925 and '767 patents.;
>
> • The parties are competitors in the at-home fitness industry that produce competing strength training products.; and
>
> • It is reasonable to infer that Tonal has conducted extensive investigations with regard to ICON and its patent portfolio, that Tonal was "closely watching the ongoing prosecution of patent applications related to the patents asserted in the 1197 case" and that Tonal thus learned of the '268 and '214 patents on or near the dates that they issued.

(*Id.* at 2-12)

5.      The problem with ICON's argument is that many of the facts associated with the above assertions are not actually pleaded in the FAC. (*See* D.I. 15 at 1)  And beyond that, the FAC surely makes no attempt to *muster the above-referenced facts together* and *assert or allege in some understandable way* that Tonal knew of the patents-in-suit as of (or very close to) the dates that those patents issued. (*See id.*)  To do so, the FAC would need to use words that form sentences that actually say something like this.  It does not do that.  Instead, it alleges only that Tonal knew of the patents as of "the date the present action was filed"—an allegation that, despite ICON's argument to the contrary, (D.I. 14 at 9), can only be reasonably understood in context to mean that Tonal learned of the patents *as a result of receiving the original Complaint itself.*  And a plaintiff is not permitted to amend its complaint by way of arguments set out in

3

a brief opposing a motion to dismiss. *See, e.g., CareDx, Inc. v. Natera, Inc.*, Civil Action No.

19-662-CFC-CJB, 2019 WL 7037799, at *12 (D. Del. Dec. 20, 2019), *report and*

*recommendation adopted*, 2020 WL 401773 (D. Del. Jan. 24, 2020); *Mason v. Delaware*, Civ.

No. 15-1191-LPS, 2017 WL 4070741, at *3 (D. Del. Sept. 14, 2017).  So as the FAC currently

stands, it fails to plausibly state "pre-suit" induced infringement and willful infringement claims

(meaning, claims that were triggered or that have effect prior to the date of the filing of the

original Complaint in this case).  Thus, the Court recommends that the Motion be GRANTED to

the extent it seeks dismissal of these claims in that regard.

> 6.      In its briefing, ICON requests leave to amend should the Court grant the Motion.

(D.I. 14 at 7, 13)  Leave to amend should be given freely "when justice so requires[,]" Fed. R.

Civ. P. 15(a)(2), particularly where, as here, this is the first time that a court has found ICON's

allegations wanting in any respect.  So if ICON wants to try to plead induced and willful

infringement claims that take effect as of March 23, 2021 and April 6, 2021 (or shortly

thereafter), respectively, then the Court recommends that it be given leave to file a further

amended complaint seeking to do so.[3]

---

[3]      Tonal argues that even if ICON's FAC had included the factual allegations that it now points to in its responsive brief, such allegations would still fail to plausibly plead pre-original-Complaint knowledge. (D.I. 15 at 2-3)  According to Tonal, allegations describing a party's knowledge of an adversary's related patents, combined with conclusory allegations that the party monitored its adversary's patent applications and/or was a competitor in the field, fail to establish that a party had knowledge of its adversary's later-issued patent. (*Id.* at 3)  However, it seems that ICON's unpleaded allegations (and the reasonable inferences to be drawn therefrom), taken together, could amount to more than this.  They might be enough to plausibly establish pre-original-Complaint knowledge of the '268 and '214 patents. *See, e.g.*, *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, Civil Action No. 19-1334-RGA-CJB, 2021 WL 2036671, at *10 (D. Del. May 20, 2021) (finding that allegations that the defendants would have reviewed the prosecution history with regard to patents previously asserted against them, and then have been on the lookout for related patents that might issue thereafter, all rendered it plausible that the defendants had prior knowledge of newly-issued patents asserted against them in an amended complaint), *report and recommendation adopted in relevant part*,

7.      But if ICON just wants to move forward with *any* claim of induced or willful

infringement, in the Court's view, it should not have to re-plead.  That is because, even though it

did not plausibly allege knowledge of the patents-in-suit prior to Tonal's receipt of the original

Complaint, it did plausibly allege that Tonal had knowledge of the patents-in-suit as of the date

when the original Complaint was received (i.e., on or around May 5, 2021).  The Court

acknowledges that there is a disagreement in the federal courts (and in our Court) about whether

a plaintiff can sufficiently plead knowledge of a patent-in-suit in an amended complaint by

simply pointing back to the notice that the accused infringer received of the patent's existence

via the filing of a prior complaint in the same case.[4]  But as the Court has previously explained in

---

2021 WL 4350591 (D. Del. Sept. 24, 2021); *InVue Sec. Prods. Inc v. Mobile Tech, Inc.*, Case
No. 3:19-cv-407-SI, 2019 WL 5295464, at *4-5 (D. Or. Oct. 18, 2019) (finding that allegations
that the parties were involved in multiple lawsuits, were involved in ongoing post-grant
proceedings before the United States Patent and Trademark Office, and were competitors in the
same industry, amounted to enough facts from which to infer pre-suit knowledge at the motion to
dismiss stage); *Copan Italia S.p.A. v. Puritan Med. Prods. Co. LLC*, 1:18-cv-00218-JDL, 2018
WL 5891742, at *3 (D. Me. Nov. 9, 2018) (concluding that allegations that a defendant had
reviewed all of the plaintiff's pending patent applications, and that it had publicly acknowledged
that the plaintiff owned several patents, together with the allegation that the parties were
competitors in a specialized market, "reasonably permit an inference that [defendant] was
keeping up to date on the status of [plaintiff's] patent applications[,]" and finding that the
complaint thus plausibly pleaded knowledge of the patents-in-suit).

[4]      *See, e.g.*, *Wrinkl, Inc. v. Facebook, Inc.*, Civil Action No. 20-cv-1345-RGA, 2021
WL 4477022, at *6-7 (D. Del. Sept. 30, 2021) (recognizing disagreement as to whether an
amended complaint can cite to service of a prior complaint in order to establish the knowledge
element for post-suit induced infringement and willful infringement claims, and finding that it
can as to induced infringement but not as to willful infringement); *Longhorn Vaccines &
Diagnostics, LLC v. Spectrum Sols. LLC*, — F. Supp. 3d —, 2021 WL 4324508, at *9-10 &
nn.95, 96 (D. Utah Sept. 23, 2021) (recognizing the split on this issue and finding that
knowledge of patents gained from an original complaint is sufficient to establish post-filing
indirect and willful infringement claims); *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, C.A. No. 20-
1646-RGA-JLH, 2021 WL 3526178, at *4 (D. Del. Aug. 11, 2021) (acknowledging the split and
concluding that a party may maintain a claim for willful infringement made in an amended
complaint if the accused infringer first gained knowledge of the patent from the original
complaint); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249-50 (D. Del.
2021) (recognizing the division and concluding that a "complaint itself cannot be the source of

a number of opinions, it believes that a plaintiff can do so.[5]  Thus, to the extent that ICON

intends to press "post-suit" induced infringement and willful infringement claims, dating from on

the knowledge required to sustain claims of induced infringement and willfulness-based
enhanced damages").

[5]      *See, e.g.*, *Midwest Energy Emissions Corp.*, 2021 WL 2036671, at *20, *report and
recommendation adopted in relevant part*, 2021 WL 4350591 (D. Del. Sept. 24, 2021);
*ZapFraud, Inc. v. Barracuda Networks, Inc.*, Civil Action No. 19-1687-CFC-CJB, 2020 WL
5646375, at *2-3 (D. Del. Sept. 22, 2020), *report and recommendation rejected in relevant part*,
528 F. Supp. 3d 247 (D. Del. 2021); *Välinge Innovation AB v. Halstead New Eng. Corp.*, Civil
Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *11 n.15 (D. Del. May 29, 2018).

The Court has two other quick thoughts to offer about this issue.

First, because the act of receiving the original Complaint—and relatedly, learning of the
existence of the patents-in-suit—may be "event[s] that happened after the date" that the original
Complaint was filed, then instead of simply filing the FAC, ICON perhaps should have filed a
proposed new supplemental complaint along with a motion pursuant to Federal Rule of Civil
Procedure 15(d).  Fed. R. Civ. P. 15(d); *see also Sunless, Inc. v. Selby Holdings, LLC*, Case No.
3:20-cv-00930, 2021 WL 3513871, at *2-3 (M.D. Tenn. Aug. 10, 2021).  But if that is so, the
Court would simply recommend treating the filling of the FAC as a *de facto* Rule 15(d) motion
and granting it, since (like with a Rule 15(a) motion), leave to supplement is to be freely given
(in the absence of any compelling reason not to do so).  *Sunless, Inc.*, 2021 WL 3513871, at *2-
3, *5-6 (citing *Ne. Ohio Coal. for the Homeless v. Husted*, Case No. 2:06-CV-00896, 2015 WL
13034990, at *6 (S.D. Ohio Aug. 7, 2015)); *see also Cellectis S.A. v. Precision Biosciences, Inc.*,
881 F. Supp. 2d 609, 614 (D. Del. 2012).

Second, the Court does not see why an element of a claim like induced or willful
infringement (i.e., the element that requires that an infringer have prior knowledge of the
existence of the patent-in-suit) cannot be established in an amended complaint, where the
evidence alleged is that the accused infringer received an initial complaint in that case and thus
learned of the patent that way.  That is, the Court does not see why an original complaint, or facts
relating to its receipt, must necessarily be walled off from being a relevant piece of fact evidence
in a case.  Suppose a patentee filed an original complaint that gave the accused infringer notice
of a patent for the first time.  Then, on the same date, the patentee sent the accused infringer a
letter that also gave it notice of that same patent.  And suppose later in the case, the patentee filed
an amended complaint (or, as noted above, a supplemental complaint along with a Rule 15(d)
motion), alleging induced/willful infringement claims and asserting that the accused infringer
had knowledge of the patent as of its receipt of the original complaint and/or as of the date of its
receipt of the notice letter.  Wouldn't receipt of the notice letter have been sufficient to provide
the accused infringer with knowledge of the patent's existence?  And if it would, what is the
difference between the knowledge that the accused infringer received via that letter and the
knowledge that it received from reviewing the original complaint?  In the Court's view, there is

or about May 5, 2021, the Court recommends that the Motion be DENIED with respect to such claims. (*See* D.I. 11 at 7 (Tonal requesting that ICON's induced and willful infringement claims "be dismissed in their entirety"))[6]

8.      This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).  The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  February 7, 2022

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

no meaningful difference.  Both are viable pieces of evidence that could plausibly establish the knowledge-of-the-patent element.

[6]      The Court has previously explained why, pursuant to relevant caselaw from the Supreme Court of the United States and the United States Court of Appeals for the Federal Circuit, "to state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim[.]" *Välinge Innovation AB*, 2018 WL 2411218, at *12; *see also* (D.I. 11 at 4).  In the FAC, ICON is doing that—it is alleging that as of the "date of the filing of the willful infringement claim" (i.e., as of the date of the FAC's filing), Tonal had previously committed willful infringement (i.e., it had done so as of the date of the receipt of the original Complaint and thereafter).